UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
CLAUDENE M.,

                Plaintiff,       <u>DECISION AND ORDER</u>
                                         1:24-CV-07185-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In February of 2022, Plaintiff Claudene M.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by the Law Office of Lewis B. Insler, Lewis Bart Insler, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on May 14, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 16). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on February 25, 2022, alleging disability beginning July 12, 2019. (T at 195-99).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on December 14, 2023, before ALJ Kimberly Schulz. (T at 34-59). Plaintiff appeared with an attorney and testified. (T at 38-52). The ALJ also received testimony from Andrea Thomas, a vocational expert. (T at 53-58).

### B.    ALJ's Decision

On January 30, 2024, the ALJ issued a decision denying the application for benefits. (T at 7-26).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 12, 2019 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2024 (the date last insured). (T at 12).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

The ALJ concluded that Plaintiff's left knee degenerative joint disease, lumbar spine degenerative disc disease, and obesity were severe impairments as defined under the Act. (T at 12).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 12).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can only occasionally climb ramps, stairs, ladders, ropes, and scaffolds and is limited to occasional stooping, kneeling, crouching, and crawling. (T at 14).

The ALJ concluded that Plaintiff could not perform her past relevant work as a nurse's aide. (T at 19).

However, considering Plaintiff's age (48 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 19).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits

for the period between July 12, 2019 (the alleged onset date) and January 30, 2024 (the date of the ALJ's decision). (T at 19-20).

On August 12, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on September 23, 2024. (Docket No. 1).  On January 7, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 15, 16).  The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings, on May 1, 2025. (Docket No. 18).  On May 5, 2025, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 19).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See *Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  Second, she challenges the ALJ's analysis of her subjective complaints.  The Court will address each argument in turn.

### A.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social

Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence

from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

The record here contains multiple medical opinions.  The Court will summarize those opinions and then address the ALJ's analysis.

## 1. Consultative Examiners

Dr. Laiping Xie performed a consultative examination in May of 2022. On examination, Plaintiff had full strength in the upper and lower extremities, with no muscle atrophy. (T at 530).  Dr. Xie diagnosed low back pain and left knee pain and opined that Plaintiff had "moderate" limitation with respect to prolonged standing, walking, climbing stairs, squatting, and bending. (T at 530).

Dr. Kautilya Puri performed a consultative examination in November of 2022.  Dr. Puri also described Plaintiff as having full strength in the upper and lower extremities, with no muscle atrophy. (T at 567).  Dr. Puri diagnosed multiple joint pains post-trauma/degenerative joint disease and obesity. (T at 567).

Dr. Puri opined that Plaintiff had no limitation as to fine or gross motor activities; mild limitation with respect to gait and activities of daily living; mild limitation with respect to lifting weights; and mild to moderate impairment in squatting, bending, stooping, and kneeling. (T at 567).  Dr. Puri recommended that Plaintiff be examined by an orthopedic doctor. (T at 567).

### 2.  State Agency Review Consultants

In June of 2022, Dr. R. Dickerson, a non-examining State Agency review physician, opined that Plaintiff could occasionally lift/carry 50 pounds and frequently lift/carry 25 pounds; stand/walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; push/pull with no limitation other than weight; occasionally climb ramps, stairs, ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, or crawl. (T at 68-69).

Dr. J. Randall, another State Agency review physician, rendered a functional assessment in November of 2022.  Dr. Randall opined that Plaintiff could occasionally lift/carry 25 pounds and frequently lift/carry 10 pounds; stand/walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; push/pull with no limitation other than weight; occasionally climb ramps, stairs, ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, or crawl. (T at 83-85).

### 3. Workers' Compensation Examiners

Dr. Richard Semble, an orthopedic surgeon, performed an examination in October of 2019 in connection with Plaintiff's workers' compensation benefits claim.  He diagnosed lumbar spine sprain (resolving). (T at 508).  Dr. Semble opined that Plaintiff could perform a sedentary job that involved no bending or lifting over 20 pounds. (T at 508).

Dr. Semble performed a second examination in June of 2020.  He diagnosed ongoing lumbar spine symptoms and chronic lumbar pain and assessed the same work-related restrictions. (T at 498-99).

Dr. Ronald Mann performed a workers' compensation examination in October of 2020.  He diagnosed lumbar sprain/strain, left hamstring sprain/strain, and left knee sprain/strain. (T at 503).  Dr. Mann opined that

Plaintiff could perform light duty work, avoiding lifting more than 20-25 pounds and excess kneeling or bending with her left leg. (T at 503).

Another orthopedic surgeon, Dr. Jeffrey Passick, performed a workers' compensation examination in January of 2022. He diagnosed lumbar spine strain and left knee strain and believed Plaintiff demonstrated "[s]ymptom magnification" during the examination. (T at 493-44). Dr. Passick opined that Plaintiff could perform her activities of daily living and return to work, provided she avoided lifting greater than 20 pounds and did not perform squatting or repetitive bending. (T at 494).

### 4. ALJ's Analysis

The ALJ found the opinions of Drs. Passick, Xie, Puri, and Randall persuasive. (T at 17, 18). The ALJ considered Dr. Semble's assessment partially persuasive, crediting the lifting and bending restrictions, but did not accept Dr. Semble's conclusion that Plaintiff was limited to sedentary work. (T at 17). The ALJ deemed Dr. Dickerson's opinion unpersuasive, finding Plaintiff more limited than the State Agency consultant did. (T at 18-19). As noted above, the ALJ determined that Plaintiff retained the RFC to perform a reduced range of light work. (T at 14).

The Court finds the ALJ's assessment of the medical opinion evidence, and RFC determination, consistent with applicable law and supported by substantial evidence. Here's why.

First, the ALJ relied on a reasonable reading of the record, which included evidence of pain and limitation, but likewise generally documented intact reflexes and sensation, full or nearly full muscle strength, and normal gait. (T at 343, 351, 356, 358-59, 377, 378, 397, 398, 400, 402, 404, 406, 409-10, 412, 414, 427, 429, 430, 464, 471, 481-82, 486, 488-89, 539-40, 543, 546-47, 557-58, 562-63, 599, 601-09).

Second, the ALJ's decision is supported by an appropriate reconciliation of the various medical opinions.

Dr. Xie and Dr. Puri both found full strength on examination, with no muscle atrophy. (T at 530, 567).   Dr. Xie opined that Plaintiff had "moderate" limitation with respect to prolonged standing, walking, climbing stairs, squatting, and bending. (T at 530).  Dr. Puri opined that Plaintiff had no limitation as to fine or gross motor activities; mild limitation to gait and activities of daily living; mild limitation with respect to lifting weights; and mild to moderate impairment in squatting, bending, stooping, and kneeling. (T at 567).  Dr. Puri did not assess any limitation as to Plaintiff's ability to stand, sit, or walk.

"[A] number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work." *Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)(collecting cases); see also *Guzman v. Comm'r of Soc. Sec.*, No. 21-CV-6538 (KHP), 2022 WL 3013108, at *6 (S.D.N.Y. July 29, 2022); *Lopez v. Berryhill*, 448 F. Supp. 3d 328, 345 (S.D.N.Y. 2020).

The ALJ appropriately noted the consistency of the consultative examiners' opinions with each other, and with the assessment of Dr. Passick, and the support for these opinions in the record. (T at 17).

The ALJ's decision is also supported by the assessment of Dr. Randall, the State Agency review physician, who opined that Plaintiff could perform a range of light work with postural limitations consistent with those the ALJ incorporated into the RFC determination. (T at 83-85).

"'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'" *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)); *see also Ortiz v. Comm'r*

*of Soc. Sec.*, 309 F. Supp. 3d 189, 205 (S.D.N.Y. 2018)("Moreover, the

opinion of a non-examining medical expert … may be considered

substantial evidence if consistent with the record as a whole.").

Plaintiff points to other portions of the record and argues that the ALJ

should have given greater weight to the evidence of pain and limitation and

assigned more persuasive power to the more restrictive medical opinions.

However, for the reasons discussed above, thw Court finds the ALJ's

decision supported by substantial evidence and it must therefore be

sustained under the deferential standard of review applicable here. *See*

*DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751,

at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the

record that would support the conclusion that plaintiff had greater

limitations than those the ALJ built into her RFC. But that is not the test.");

*Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The

substantial evidence standard means once an ALJ finds facts, [a court] can

reject those facts only if a reasonable factfinder would *have to conclude*

otherwise.")(emphasis in original) (citation and internal quotation marks

omitted).

Plaintiff also argues that the ALJ failed to adequately develop the

record by seeking an assessment from one of her treating physicians.

However, "an ALJ is not required to attempt to obtain additional evidence to fill *any* gap in the medical evidence; rather an ALJ is required to do so only where the facts of the particular case suggest that further development is necessary to evaluate the claimant's condition fairly." *Francisco v. Comm'r of Soc. Sec.*, No. 13CV1486 TPG DF, 2015 WL 5316353, at *11 (S.D.N.Y. Sept. 11, 2015)(emphasis in original); *see also Sampson v. Saul*, No. 19CIV6270PAESN, 2020 WL 6130568, at *6 (S.D.N.Y. Oct. 16, 2020).

Here, the record, which included extensive treatment records, four workers' compensation evaluations, two consultative examinations, and two State Agency review assessments, was sufficiently developed to evaluate Plaintiff's limitations fairly.

### B.    Subjective Complaints

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49

(2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No.

13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff reported being in constant pain and needing assistance dressing and bathing. (T at 239, 241).  She experiences pain that radiates into her legs when standing, causing her to rarely go outside her apartment and limiting her ability to socialize. (T at 238, 240).  All strength functions are affected by her injuries and pain interferes with her attention and ability to cope with changes in routine. (T at 241-42, 257-58). She can walk one to two blocks before having to rest. (T at 47, 241).

Pain prevents her from lifting more than five pounds and from prolonged sitting or standing. (T at 46-47, 252).  She cannot perform household chores. (T at 48, 254-55).  Pain injunctions provide some relief, but cause fatigue. (T at 45).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 14-15).

The Court finds the ALJ's decision to discount Plaintiff's credibility supported by substantial evidence and consistent with applicable law.

The ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the treatment record, which (as set forth above) the

ALJ reasonably read as documenting objective findings inconsistent with disabling pain and limitation. (T at 15-16).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

While Plaintiff suffers from pain and limitation the ALJ did not dismiss Plaintiff's subjective complaints and, instead, found her limited to a reduced range of light work. (T at 14).

However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment notes and clinical assessments and proper consideration of the medical opinion evidence.  This is sufficient to sustain the disability

determination under the deferential standard of review applicable here. *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").[3]

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 16) is DENIED; the Commissioner's request for judgment on the pleadings is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: June 23, 2025                                 *s/ Gary R. Jones*

                                                      GARY R. JONES
                                                      United States Magistrate Judge

---

[3] Plaintiff also argues that the hypothetical questions presented to the vocational expert during the administrative hearing did not include all her limitations. This argument is a restatement of Plaintiff's other challenges to the ALJ's decision and is unavailing for the reasons outlined above.  *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").